# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

Theodore G. Hartsock, Jr., as Personal )
Representative of the Estate of Sarah Mills )
Hartsock, )
                       Plaintiff, )
                                     )    Civil Action No.: 2:11-CV-00363-PMD
                       v. )
                                      )
American Automobile Insurance Company, )    **ORDER**
a Division of Fireman's Fund Insurance )
Company, )
                       Defendant. )
_____)

       This matter is before the Court on Defendant American Automobile Insurance Company's ("Defendant" or "AAIC") motion to reconsider the Court's May 17, 2011 Order denying Defendant's Motion to Dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6). After reviewing the May 17 Order, the Court denies Defendant's Motion to Reconsider.

       Defendant's Motion to Reconsider is based upon two specific grounds: (1) that the Court unnecessarily exceeded the legal standard for ruling on a motion to dismiss; and (2) that the Court decided Defendant's declaratory judgment action contrary to the plan stipulated to by the parties, and in so doing, has made factual findings not supported by the record. The crux of Defendant's argument is that the Court unnecessarily decided the choice of law issue and, in so doing, made final factual findings, which was improper at the motion to dismiss stage. According to Defendant, "[b]y deciding the Motion on the substantive choice-of-law issue, Defendant has been deprived of its ability to submit evidence not currently before the Court that

1

supports Defendant's position that North Carolina law applies." Def's Mem. at 4. Furthermore, Defendant claims that "in holding S.C. Code § 38-61-10 applicable to this case and consequently finding S.C. law controlling, the Court had to accept as true alleged facts for which there was no support in the record and facts that have been disputed by Defendant." Id. at 7. Defendant points to facts such as Mrs. Hartsock's residency and Mrs. Hartsock's vehicle registration as facts still in dispute at this stage in the litigation. Defendant asks the Court to reconsider its Order by either: (a) confirming its Order was intended to be a final adjudication on the merits of the declaratory judgment action (a final finding on the choice-of-law issue); (b) clarifying its ruling by limiting it to simply a denial of the Motion to Dismiss, thus allowing the parties to proceed under the agreed upon plan for resolving the declaratory judgment action; or (c) withdrawing the Order in favor of one granting Defendant's Motion to Dismiss Plaintiff's Complaint without prejudice while the declaratory judgment action remains pending.

Defendant's Motion to Dismiss centered on two arguments: (1) that Plaintiff's claims of bad faith and/or negligent claims handling are premature; and (2) that Defendant has a statutory right to appear on behalf of the at-fault driver and defend liability and/or damages before there can be any obligation to pay UIM benefits. The Defendant's motion to dismiss focused exclusively on North Carolina law and argued that under North Carolina law Plaintiff's complaint should be dismissed. In its response to Defendant's Motion to Dismiss, Plaintiff argued that under South Carolina law his bad faith claim is not premature and, therefore, the Court should deny Defendant's motion to dismiss.

Based upon the arguments made by both parties on the Motion to Dismiss, the Court made a choice of law determination *solely* for purposes of the Order denying the Motion to Dismiss. The Order clearly stated in the section on the standard of review "[w]hen there are

well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." (Entry No. 16, p. 3.) For purposes of the Order denying Defendant's Motion to Dismiss, the Court had to accept as true Plaintiff's allegations in the Complaint, including allegations that Mrs. Hartsock was a South Carolina resident and that her car was registered in South Carolina. The Order was not intended to serve as the final determination of the choice of law issue for all purposes in the case and is subject to change as the case proceeds and the facts are developed. Based upon the allegations in the Complaint, the Court found that South Carolina law would apply; that under South Carolina law Plaintiff's bad faith claim against Defendant was not premature; and that, therefore, Plaintiff's well-pleaded factual allegations in the Complaint plausibly gave rise to an entitlement to relief.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Defendant's motion to reconsider the Court's Order denying Defendant's Motion to Dismiss (Docket Entry # 16) is **DENIED.**

**AND IT IS SO ORDERED**.

PATRICK MICHAEL DUFFY
United States District Judge

**June 28, 2011**
**Charleston, SC**

3